FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 29 2013

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Eric Hairston, | : |
| Plaintiff, | : Civil Action No.: 4:13 cv 175 JMM |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Phillips & Cohen Associates, Ltd.; and DOES 1-10, inclusive, | : **JURY TRIAL** |
| Defendants. | : This case assigned to District Judge Moody |
| | : and to Magistrate Judge Young |

## COMPLAINT

For this Complaint, the Plaintiff, Eric Hairston, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Arkansas Fair Debt Collection Practices Act, A.C.A. § 17-24-501, et seq. ("AFDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Eric Hairston ("Plaintiff"), is an adult individual residing in Benton, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Phillips & Cohen Associates, Ltd. ("Phillips"), is a business entity with an address of 695 Rancocas Road, Westhampton, New Jersey 08060, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Phillips and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Phillips at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $800.00 (the "Debt") to Capital One Bank, N.A. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Phillips for collection, or Phillips was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

3

### B. Phillips Engages in Harassment and Abusive Tactics

12. On or around late December 2012, Plaintiff initially spoke with Defendants regarding their attempt to collect the Debt.

13. During such communication, Plaintiff informed Defendants that he was on disability and had medical problems and could not pay the Debt.

14. On or around March 2, 2013, Defendants placed a call to the Jones' residence, which was Plaintiff's neighbor's home.

15. During such call, Defendants disclosed to the Jones' residence that they were calling in an attempt to collect a Debt from Plaintiff.

16. Furthermore, Defendants gave Plaintiff's neighbors their telephone number and requested that Plaintiff call them back.

17. Defendants had previously confirmed Plaintiff's confirmation in December 2012 and therefore had no purpose to contact third-parties except for the intent to harass and embarrass Plaintiff into payment of the Debt.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT – A.C.A. § 17-24-501, *et seq.*

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated A.C.A. § 17-24-504(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

28. The Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29. The Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. Arkansas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Arkansas state law.

35. The Defendants intentionally intruded upon Plaintiff's right to privacy by calling the home of Plaintiff's neighbor and disclosing details of the Debt.

36. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

37. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

39. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f) against the Defendants;

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 20, 2013

                                    Respectfully submitted,

                                    By_____

                                    Sergei Lemberg, Esq.
                                    LEMBERG & ASSOCIATES L.L.C.
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile: (203) 653-3424
                                    Attorneys for Plaintiff